Matter of 7 Ave Assets LLC v Carrion
2026 NY Slip Op 03872
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of 7 Ave Assets LLC, Petitioner-Appellant,
v
Adolfo Carrion Jr. etc., et al, Respondents-Respondents.

Decided and Entered: June 18, 2026
Index No. 159132/24|Appeal No. 6910|Case No. 2025-06231|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Rothkrug Rothkrug & Spector LLP, Great Neck (Simon H. Rothkrug of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondents.

[*1]
Judgment (denominated an order), Supreme Court, New York County (Verna L. Saunders, J.), entered August 8, 2025, which denied the petition to annul a determination of the New York City Department of Housing Preservation and Development (HPD), dated June 18, 2024, denying petitioner's application for tax benefits under RPTL 421-a, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Under RPTL 421-a as amended in 2003, alterations or improvements of existing structures qualify for tax benefits as "new multiple dwellings" if "no more than forty-nine percent of the floor area . . . of the multiple dwelling consists of the pre-existing building or structure that was converted, altered or improved" (RPTL 421-a[1][c]). The statute defines "floor area" as "[t]he horizontal areas of the several floors or any portion thereof of a dwelling or dwellings and accessory structures on a lot measured from the exterior faces of exterior walls or from the center line of party walls" (id. 421-a[1][b]).
Petitioner owns a five-story building that it renovated after a fire. Although the fire destroyed the building's interior wood flooring, it left the exterior brick walls and foundation intact. The renovation created interior floor structures where there were none, but did not increase the building's overall dimensions. HPD denied petitioner's application for RPTL 421-a tax benefits on the ground that renovation did not qualify as a "new multiple dwelling" because the alteration work was performed entirely within the pre-existing structure, and therefore, more than 49 percent of the floor area of the multiple dwelling consisted of the "pre-existing building or structure."
Supreme Court properly denied the petition because HPD's reading of RPTL 421-a was rational and supported by the record (see Matter of Chin v New York City Bd. of Standards and Appeals, 97 AD3d 485, 487 [1st Dept 2012], lv denied 19 NY3d 815 [2012]). Petitioner interprets "horizontal areas of the several floors" to refer to the walkable flooring physically present in the structure. By contrast, HPD interprets that language to refer to the geometrical areas of the structure's stories, regardless of "the physical condition of structural elements that comprise" those areas. Both readings are permissible (compare Merriam-Webster.com Dictionary, floor ["the level base of a room;" "a structure dividing a building into stories"] [https://www.merriam-webster.com/dictionary/floor]; Oxford Learner's Dictionaries, floor, def 1 ["the surface of a room that you walk on"] [https://www.oxfordlearnersdictionaries.com/us/definition/english/floor_1] with Oxford Learner's Dictionaries, floor, def 3 ["all the rooms that are on the same level of a building"] [id.]). Given that "the language of the statute is susceptible to conflicting interpretations," HPD's interpretation of the statutory definition of "floor area" is entitled to deference (Matter of Chin, 97 AD3d at 487).
[*2]
The legislative history cited by the parties does not resolve the ambiguity in petitioner's favor, as it can support either interpretation of the disputed language. The statements by the bill's sponsor that the section 421-a amendments would include improvements of existing structures "if more than 51% of the completed project is newresidential space" suggests that the amendments were intended to capture only additions to existing buildings (as HPD argues), but the sponsor's statement that the program would incentivize "owners to maintain and upgrade existing multiple dwellings" suggests that the program would also capture exclusively interior renovations of uninhabitable existing structures (as petitioner argues).
The ambiguity must be resolved against petitioner for the additional reason that "tax exemptions . . . are to be strictly construed against the one seeking the benefit and, in case of ambiguity, any doubt resolved in favor of the taxing authority" (Matter of 31171 Owners Corp. v New York City Dept. of Hous. Preserv. and Devel., 190 AD2d 441, 446 [1st Dept 1993]). Petitioner fails to demonstrate that its interpretation is "not simply . . . plausible," but is "the only reasonable construction" (Matter of Park Row 23 Owners LLC v Jiha, 246 AD3d 438, 439 [1st Dept 2026] [internal quotation marks omitted]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT
ENTERED: June 18, 2026